

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JESSE LEE FARMER, JR.,                                              PLAINTIFF
ADC #166000

v.                     No. 4:20-cv-00209-KGB-JTR

JAMES FLOWERS; and
JOHN DOE, Captain,
Wrightsville Unit                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Jesse Lee Farmer, Jr. ("Farmer") filed this *pro se* § 1983 action alleging that, while he was a prisoner at the Wrightsville Unit of the Arkansas Division of Corrections ("ADC"), Defendants violated his constitutional rights by

charging him in a retaliatory prison disciplinary. *Docs. 2 & 6*. Before Farmer may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Farmer alleges that, on December 11, 2017, he was walking behind Defendant James Flowers ("Flowers"), the Wrightsville Kitchen Supervisor, when Flowers turned around and Farmer bumped into him. *Doc. 6 at 4*. Although Farmer alleges it was an accident, he was charged in a disciplinary with battery on a staff member, provoking or agitating a fight, and insolence to staff. *Id.* at 5.

On December 15, 2017, a disciplinary hearing was held by a hearing officer identified as Defendant John Doe ("Doe"). Farmer alleges that he asked to have security video of the incident submitted into evidence, but Doe refused to allow it. *Id. at 5-6*. Farmer was found guilty of all three disciplinary charges and was sanctioned with a loss of good time, reduction of class, 30 days in insolation, and a loss of all privileges.

In his Complaint, Farmer claims that Flowers filed these disciplinary charges

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

against him in retaliation for Farmer accidentally bumping into him. He further claims that Doe violated his due process rights at the disciplinary hearing by refusing to obtain and review the video of the incident. Farmer seeks to recover damages and to have the disciplinary reversed. *Id.* at 7.

### A. Farmer's Retaliation Claim Against Flowers

To succeed on a retaliation claim, Farmer must prove that: (1) he was engaging in a constitutionally protected activity; (2) Flowers took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *See Lewis v. Jacks,* 486 F.3d 1026, 1028 (8th Cir. 2007); *Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004). Farmer has not alleged that he was engaged in any constitutionally protected activity, but instead claims that the alleged "retaliation" arose from bumping into Flowers. Accordingly, Farmer's retaliation claim against Flowers fails and should be dismissed, without prejudice.

### B. Farmer's Due Process Claim against Doe

A prisoner may maintain a due process challenge to prison disciplinary proceeding *only* if he is deemed to have a liberty interest at stake. *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). The punishment Farmer received for the disciplinary violations, loss of his classification level, placement in punitive isolation for thirty days, or loss of his prison privileges,

does not rise to the level necessary to implicate a liberty interest. *Sandin*, 515 U.S. 482-86; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

While Farmer has an arguable liberty interest in keeping his good time credits,[2] he can only pursue the restoration of those good time credits in a § 2254 habeas action, *after* he has exhausted all of his available state habeas remedies. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley-El*, 288 F.3d at 1066-67. Similarly, only after Farmer has filed and prevailed on such a habeas claim, would he be in a position to pursue a §

---

[2] The "Due Process Clause itself does not create a liberty interest in credit for good behavior." *Sandin*, 515 U.S. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good time credits has been created by the state. *Id.* The Arkansas Supreme Court has determined that no such liberty interest was created by the Arkansas parole statutes. *McKinnon v. Norris*, 231 S.W.3d 725, 729-730 (Ark. 2006*); Koontz v. Norris,* Case No. 08-75, 2008 WL 2310973 (Ark. June 5, 2008) (unpublished opinion).

The Arkansas courts' interpretation of federal constitutional law is not binding on federal courts. *Baker v. Carr,* 369 U.S. 186, 211 (1962). At least three rulings from the Eastern District of have agreed with the Arkansas Supreme Court and concluded that the Arkansas parole statutes do not create a federally protected liberty interest in obtaining or maintaining good time credits. *See Williams v. Kelley*, No. 5:19-cv-00257-KGB-BD, 2019 WL 7756147, *2 (E.D. Ark. Sept. 5, 2019) (unpublished opinion) ("[Plaintiff] had no liberty interest in good-time credits" and therefore "there was no violation of his rights under the Due Process Clause."); *Gardner v. Hobbs,* Case No. 5:14-cv-00131-JLH-BD, 2014 WL 2993821 (E.D. Ark. July 3, 2014) (unpublished opinion); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341 (E.D. Ark. April, 2014) (unpublished opinion). However, neither the Eighth Circuit nor the United States Supreme Court have addressed the issue.

1983 action to recover damages for the loss of the wrongfully taken good time credits. *Id.*

Accordingly, Farmer's § 1983 due process claim related to his disciplinary conviction should be dismissed, without prejudice.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Farmer's claims be DISMISSED, WITHOUT PREJUDICE.

2. This dismissal count as a "strike" under 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 1st day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Only after Farmer has prevailed in overturning his disciplinary conviction, in either state or federal court, can he file a § 1983 action for damages.